# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **NICOLE WALLACE**, *et al.* | * |
| | * |
| v. | *     Civil Action No. CCB-17-3718 |
| **MAYOR AND CITY COUNCIL** | * |
| **BALTIMORE CITY**, *et al.* | * |

## MEMORANDUM

Pending before the court is the plaintiffs' motion for leave to file second amended complaint. For the reasons stated below, the court will grant the motion and will deny the pending motions to dismiss and motion to strike as moot.

## FACTUAL AND PROCEDURAL HISTORY

This case has a lengthy history, only the relevant portions of which will be recited here. On December 15, 2017, plaintiffs Nicole and Daquan Wallace ("the Wallaces") filed their complaint alleging that Mr. Wallace had been attacked on December 18, 2014 while in custody at the Baltimore City Detention Center ("BCDC"). ECF 1 at ¶ 27. The Wallaces alleged that several BCDC correctional officers facilitated the attack. ECF 1 at ¶ 29. As a result of his attack, the Wallaces asserted that Mr. Wallace suffered traumatic brain injury, is unable to walk or talk, requires a ventilator to breathe, and relies on 24-hour care. ECF 1 at ¶ 56. On March 2, 2018, the Wallaces filed an amended complaint, adjusting the defendant list and supplementing their factual allegations. ECF 23.

The following motions are outstanding. On March 16, 2018, defendants Ricky Foxwell and Stephen Moyer filed their motion to dismiss the amended complaint. ECF 25. On June 29, 2018, defendants Betty Johnson and Karen Moore filed their motion to dismiss the amended complaint. ECF 52. On July 30, 2018, defendants Tamara Patterson, Lisa Portee, Jackens Rene, and Ericka Shird filed their motion to dismiss the amended complaint or for summary judgment.

ECF 61. On January 29, 2019, the eight remaining defendants filed their motion to strike and response in opposition to the Wallaces' supplemental opposition to the foregoing motions. ECF 75. On January 31, 2019, the Wallaces filed their motion for leave to file second amended complaint. ECF 78.

## STANDARD OF REVIEW

Rule 15 of the Federal Rules of Civil Procedure governs a plaintiff's prerogative to amend her complaint. A plaintiff can amend as a matter of course if the revisions are offered within 21 days of service. Fed. R. Civ. P. 15(a)(1)(A). A plaintiff can amend with the opposing party's written consent. Fed. R. Civ. P. 15(a)(2). Third, and relevant here, a plaintiff also may amend with the court's leave. *Id.* The rule specifies that "[t]he court should freely give leave when justice so requires." *Id.* The Fourth Circuit has noted that "[t]his liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). Granting leave to amend, therefore, is the default under Rule 15. In *Laber*, the Fourth Circuit, sitting *en banc*, explained: "[w]e have interpreted Rule 15(a) to provide that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Id.* (internal citation and quotation marks omitted). Prejudice is the weightiest factor, the absence thereof, "though not alone determinative, will normally warrant granting leave to amend." *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980). But a movant's undue delay or dilatory motive may also be considered. *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 553 (2010).

## ANALYSIS

The Wallaces assert that their second amended complaint would remove four defendants and three claims as well as provide greater factual support for their remaining claims.[1] Due to the severity of Mr. Wallace's injuries, the Wallaces explain that they reconstructed the events surrounding his attack through their review of records and the discovery process. Beginning on October 18, 2016, and continuing until January 9, 2019, the Wallaces pursued the release of records related to Mr. Wallace's attack via a suit pursuant to the Maryland Public Information Act ("MPIA"). Additionally, the Wallaces are pursuing a parallel state case in Baltimore City Circuit Court, where the discovery process revealed further records relevant to the federal case.[2] They claim that production of the records was piecemeal throughout the MPIA case's pendency, and that the January 9, 2019, settlement of the MPIA suit included an agreement for further release of records. Pursuant to that agreement, the Wallaces received additional documents as recently as three weeks prior to their filing of the present motion. The Wallaces' review of the records they received also led to their discovery of additional witnesses, whom they claim to have diligently pursued.

The Wallaces asserted that a second amended complaint poses no risk of prejudice to the defendants, was not sought in bad faith, and would not be futile to their efforts to seek recovery. *See Franks v. Ross*, 313 F.3d 184, 193 (4th Cir. 2002); *In re Acterna Corp. Sec. Litig.*, 378 F. Supp. 2d 561, 591 (D. Md. 2005). First, the Wallaces asserted that the defendants were aware of

---

[1] The defendants removed from the second amended complaint include Mr. Foxwell, Ms. Moore, and the two John Doe defendants.
[2] As of February 21, 2019, the Baltimore City Circuit Court case search website indicates that the state case is ongoing. Circuit Court of Maryland Case Search, Maryland Judiciary Case Search Criteria, http://casesearch.courts.state.md.us/casesearch/processDisclaimer.jis (select "Baltimore City Circuit Court" from drop-down "Court" menu, then enter case number 24C17006410 in case number box, and then click "Get Case" button).

the records prior to the Wallaces obtaining them, belying any potential claim of surprise or prejudice by the defendants. The Wallaces obtained these records pursuant to two separate suits, in which the defendants were represented by the same counsel they employ in this case. Second, the Wallaces claim that they have been diligent both in seeking these records and reviewing them, evidenced by their filing of the instant motion three weeks after receiving the last records related to the MPIA suit, thus negating any claim that they may be seeking leave to amend their complaint in bad faith. Third, there is no indication that an amendment would be futile to the Wallaces' request for recovery, as the Wallaces have claimed that their proposed amendments provide further factual support for their remaining claims, and the court at this time has no reason to believe that the surviving claims give no rise to a possibility of relief.

Most importantly, the court notes that the Wallaces' request to limit the number of defendants and to narrow their claims indicates an effort to ensure this case proceeds without undue delay or complication. The case has been pending only since December 2017, the operative complaint was filed less than a year prior to the present motion, and most of the defendants' various motions were not filed until July 30, 2018. The remaining defendants would not be prejudiced by the filing of the second amended complaint, as they would be permitted to re-file promptly any motion they may choose to renew. In sum, the motion for leave to amend poses no risk of prejudice to the remaining defendants, has not been sought in bad faith, and reflects the Wallaces' efforts to contain the scope of this case. Accordingly, the court will grant the Wallaces leave to file a second amended complaint, and the remaining motions will be denied as moot. A separate order follows.

_2/25/19_
Date

_CCB_
Catherine C. Blake
United States District Judge

4